UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD DUANE MCDONALD,

    Petitioner,

v.

Case No. 1:06-cv-406
Hon. Robert J. Jonker

THOMAS BELL,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.     Background**

Petitioner was charged in nine different criminal cases in the Calhoun County Circuit Court: Nos. 03-3377, 03-3378, 03-3379, 03-3380, 03-3381, 03-3382, 03-3383, 03-3385, and 03-3386. On February 26, 2004, petitioner pled no contest in four of the cases: 03-3380; 03-3381; 03-3382; and, 03-3385. Video Plea Trans. at 1-19 (docket no. 12). The plea involved 14 criminal counts for acts committed on August 31 and September 1, 2003: four counts of first degree home invasion; three counts of larceny of firearms; one count of malicious destruction of personal property; one count of malicious destruction of property (building); one count of larceny from a motor vehicle; and four counts of felony firearm. *Id.* In exchange for the plea, the prosecution agreed to dismiss the charges in the remaining five cases. *Id.*

On March 22, 2004, petitioner was sentenced as follows:

No. 03-3380: Count 1 (first degree home invasion, 60 to 240 months in prison); Count 2 (felony firearm, 2 years consecutive to counts 1 and 3); Count 3 (larceny of firearm, 18 to 60 months); Count 4 (felony firearm, 2 years, concurrent with Count 2, consecutive to Counts 1 and 3).

No. 03-3381: Count 1 (first degree home invasion, 68 to 240 months and $415 restitution); Count 2 (felony firearm, 2 years); Count 3 (larceny of a firearm, 18 to 60 months); Count 4 (larceny from a motor vehicle, 17 to 60 months); Count 5 (breaking into a motor vehicle, 93 days in the County Jail).

No. 03-3382: Count 1 (home invasion first degree, 68 to 240 months and $1,792 restitution); Count 2 (felony firearm, 2 years); Count 3 (larceny of a firearm, 18 to 60 months); Count 4 (malicious destruction of property, 18 to 60 months).

No. 03-3385: Count 1 (home invasion first degree 68 to 240 months and $2,495 restitution); Count 2 (malicious destruction of property, 18 to 60 months).

Video Sentencing Trans. 3-12 (docket no. 13).

During the sentencing, petitioner stated to the trial judge that

> Last time I came in front of you, I was under the impression that I was pleading to one home invasion, and one felony firearm, and one malicious destruction of property. With 14 felonies on my record, how am I ever going to get a job?

*Id.* at 5-6. When asked if he had anything else to say, petitioner stated:

> Yeah. Mr. Glaser also told me that one of the Prosecutors is somehow related to one of the victims. I don't know which one it is, but he stated that to me when he called me up front for an in-take interview. And that's about all I have to say for that.

2

*Id.* at 6.[1]

Approximately one year later, petitioner moved to withdraw his guilty pleas. *See* docket nos. 10 and 11. At the motion hearing before a different judge, petitioner argued that he did not fully understand the plea, stating his belief that he pled guilty to only three - rather than fourteen - counts. Motion Trans. at 3 (docket no. 14). The court denied the motion, stating in pertinent part:

> I've reviewed the transcript in it's [sic] entirety of that plea, and it's difficult to square what the Defendant said then with what he's saying now. It's clear to me that his attorney and Judge Garbrecht very clearly put on the record what the plea agreement was, and Judge Garbrecht went through each file and each of the counts in those files in eliciting from the Defendant his understanding of the charges and his pleas, I believe of no contest. I find no basis from the transcript of that proceeding, to find that the Defendant was not fully aware, and of the number of charges [sic]. I don't find any basis to grant the motion and it will be denied.

*Id.* at 4-5. The trial court entered a written order denying the motion to withdraw the plea on May 5, 2005. *See* docket no. 15.

Petitioner, through counsel, filed an application for leave to appeal to the Michigan Court of Appeals, setting forth the following issue:

> I. Defendant McDonald's plea was made without full knowledge of the multiple offenses contained within each separate file therefore rendering the plea unknowingly and involuntarily tendered.

Application (docket no. 15). The Michigan Court of Appeals denied the application for lack of merit in the grounds presented. *People v. Gerald Duane McDonald*, No. 262902 (Mich. App. Aug. 8, 2005).

---

[1] Attorney Glaser represented petitioner prior to his plea. *See* Calhoun Co. Cir. Ct. docket sheets (docket nos. 10, 11). Petitioner had three other attorneys: Attorney Downing represented petitioner during his plea; Attorney Eifler represented him at sentencing; and Attorney Sutton represented him on appeal. *See* docket nos. 12, 13 and 14).

Petitioner raised the involuntary plea issue, as well as three new issues in his pro se application for leave to appeal to the Michigan Supreme Court:

I. Defendant McDonald's plea was made without full knowledge of the multiple offenses contained within each separate file therefore rendering the plea unknowingly and unintelligently tendered.

II. Ineffective assistance of counsel.[2]

III. Abuse of discretion.

IV. Double Jeopardy.

Application (docket no. 16). The Michigan Supreme Court denied the application. *People v. Gerald Duane McDonald*, No. 129542 (Mich. Dec. 27, 2005).

Mr. McDonald filed the present petition for habeas corpus, which set forth that following "statement of issues presented" (in petitioner's words):

I. Petitioner was denied the effective assistance of counsel because of failed objection to the enhancement of <u>OV's allowing the judge to enhance the controlling sentence for home invasion</u> low [51] to high [85] enhanced to [68] to [240]. A jury not a judge, must make the findings supporting an enhanced sentence. Blakely error at sentencing, the defendant is entitled to resentencing where his guideline range was increased by offense variable that were based on facts not proven by a jury beyond a reasonable doubt nor admitted by the defendant, in violation of the United States Constitution and Michigan Constitution 1963, Art 1, §§ 17 & 20. [BB 10057 CDN 2005].

II. Whether the <u>Blakely error</u> is a <u>structural error</u>" requiring <u>automatic reversal of enhanced sentence</u>. The <u>Blakely</u> opinion, the court noted "<u>did not explicitly identify the power standard of review</u>." Instead, the opinion states: [Because the States sentencing procedure did not comply with the "<u>Sixth Amendment petitioners sentence invalid</u>,"] "indicates that when a judge imposes an exceptional sentence not

---

[2] In this claim, petitioner contends that Attorney Downing told him at the plea hearing that he was pleading to four felonies rather than 14 felonies. Petitioner further states that during the course of the criminal prosecution, he saw four different attorneys from Mr. Glaser's law firm.

        based on the facts reflected in the jury <u>verdict or admitted by the petitioner</u>. "<u>The court commits a fatal error</u>."

III.    "<u>Invalid sentence</u>" The Court of Appeals in Michigan is in conflict over the appropriate appellate remendy when a condition of a sentence exceeds statutory authority. The Supreme Court declined, in absence of an application for leave to appeal, to consider this issue, although it was certified as a conflict. See <u>People v Brenda</u> 429 Mich 1209, 414 NW2d 138 (1987); <u>People v Harris</u> 569 NW2d 525; 224 Mich App 597; <u>MCR 6.429(A)</u>. Defendant is entitled to relief from the judgment of sentence because he denied <u>due process</u> and his sentence is therefore invalid where the sentence was based on inaccurate information prejudicial to defendant and defendant was not allowed to challenge that information at sentencing.

Petition at xv (emphasis in original).[3]

## II. Exhaustion

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one

---

[3] The court notes that petitioner utilized only portions of the court's pre-printed habeas form.

complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). However, the district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Clinkscale v. Carter*, 375 F.3d 430, 436-37 (6th Cir. 2004); *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

The only issue that petitioner presented on appeal to both the Michigan Court of Appeals and the Michigan Supreme Court was that his no contest pleas were unknowing and involuntary. However, petitioner did not raise this claim as an issue in his habeas petition. Rather, he limited the petition to three issues relating to his sentencing: ineffective assistance of counsel at sentencing; a sentencing error under *Blakely v. Washington*, 542 U.S. 296 (2004); and an "invalid sentence" allegedly based upon inaccurate information. While petitioner submitted a supporting brief that included an argument regarding the alleged involuntary plea (see docket no. 1 at p. 21), this passing reference buried within the body of a supporting brief is insufficient to raise the issue on habeas review. "Unlike the generous notice-pleading standard for the benefit of ordinary civil plaintiffs under Federal Rule of Civil Procedure 8(a) [citation omitted], Habeas Corpus Rule 2(c) requires habeas petitioners to 'specify all the grounds for relief available,' and to 'state the facts supporting each ground.'" *See Mayle v. Felix*, 545 U.S. 644, 669 (2005). While the court construes pro se pleadings liberally, it does not assume the role of advocate for pro se litigants and may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

The record reflects that the three claims raised in the habeas petition were not exhausted on appeal, because petitioner did not fairly present the claims to both the Michigan Court

of Appeals and the Michigan Supreme Court.[4] However, a habeas petition has not exhausted all available state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 USC § 2254(c). In this case, petitioner has such a procedure, because he can raise the issues through state collateral review under MCR 6.500 *et seq.*

Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss "mixed" petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court discussed the ramifications of the interplay between the total exhaustion rule expressed in *Lundy* and the 1-year limitations period:

> As a result of the interplay between [the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA's)] 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained

---

[4] The court notes that in his petition, Mr. McDonald misrepresented the appellate history of his claims to the court, stating that he had exhausted five issues in his appeals with the Michigan Court of Appeals and the Michigan Supreme Court (i.e., abuse of discretion, ineffective assistance of counsel, Sixth and Fourteenth Amendments, invalid sentence and double jeopardy). *See* Petition at p. 3. Based on this representation, the court concluded on its initial screening that issues raised in the petition were exhausted and ordered respondent to file an answer. *See* docket no. 3. The Rule 5 materials filed in this action demonstrated that the three claims set forth in the petition were not exhausted on appeal. *See* docket nos. 10-16.

>  unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.  Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim.  The problem is not limited to petitioners who file close to the AEDPA deadline.  Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion.  Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case.
>
>  We recognize the gravity of this problem and the difficulty it has posed for petitioners and federal district courts alike.  In an attempt to solve the problem, some district courts have adopted a version of the "stay-and-abeyance" procedure employed by the District Court below.  Under this procedure, rather than dismiss the mixed petition pursuant to *Lundy*, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.  Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

*Rhines*, 544 U.S. at 275-276.

Having defined the problem, the Supreme Court concluded that a district court has the discretion to stay a habeas corpus proceeding "in limited circumstances."  *Id.* at 277.  A "stay and abeyance" procedure may be employed when the petitioner has filed a "mixed petition," i.e., a petition raising both exhausted and unexhausted claims.  *Id.*  In this situation, the court at least has jurisdiction to hear some of the claims.  Under the stay and abeyance procedure, "courts now have discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state court, and then return to federal court."  *Poindexter v. Mitchell*, 454 F.3d 564, 570 n. 2 (6th Cir. 2006).  The Supreme Court cautioned that federal courts should not utilize the "stay and abeyance" procedure frequently since doing so undermines the purpose of the AEDPA, which is to encourage finality and streamline federal habeas proceedings.  In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state

8

remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78. If the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

However, the stay and abeyance procedure set forth in *Rhines* does not apply in this action, because petitioner did not file a "mixed" petition as contemplated in *Rhines*. Rather, he filed a petition consisting entirely of unexhausted claims. The one-year limitations period has expired, effectively precluding petitioner's ability to exhaust these claims and file a future federal habeas petition. *See* 28 U.S.C. § 2254. Courts have dismissed petitions comprised entirely of unexhausted claims under these circumstances, recognizing that dismissal of the petition in its entirety may bar the petitioner from re-filing the habeas petition.

For example, in *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006), the court determined that the *Rhines* stay and abeyance rule did not apply to a petition alleging only unexhausted claims:

> District courts have the discretion to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005). We decline to extend that rule to the situation where the original habeas petition contained only unexhausted claims, but the record shows that there were exhausted claims that could have been included. Such an extension would result in a heavy burden on the district court to determine whether a petitioner who files a petition that on its face is unexhausted may have other exhausted claims that could have been raised. Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to

> the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.

*Rasberry*, 448 F.3d at 1154. *See also, United States v. Hickman*, 191 Fed. Appx. 756, 757 (10th Cir. 2006) ("[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice . . . stay and abeyance of totally unexhausted petitions increases the temptation to decide unexhausted claims and decreases the incentive to exhaust first"); *Mimms v. Russell*, No. 1:08-cv-79, 2009 WL 890509 (S.D. Ohio March 31, 2009) (a habeas petition is subject to dismissal, where petitioner did not exhaust any of his state court remedies on any of the claims presented in the petition); *Murphy v. Feneis*, No. 07-153, 2007 WL 2320540 at *7 (D. Minn. Aug. 10, 2007) ("Given the narrow issue before the Supreme Court regarding mixed petitions, this Court refuses to extend *Rhines* to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims"); *Wilson v. Warren*, No. 06-cv-15508, 2007 WL 37756 at *2 (E.D. Mich. Jan. 4, 2007) ("in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"); *Draheim v. Harry*, No. 1:05-cv-587, 2005 WL 2758089 at *3 (W.D. Mich. Oct. 25, 2005) (concluding that the stay and abeyance procedure does not apply to a habeas petition containing only unexhausted claims).

Petitioner has failed to exhaust the three claims asserted in this habeas action. Accordingly, the petition should be dismissed for lack of exhaustion.

**IV.     Recommendation**

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated:  May 8, 2009                                      /s/ Hugh W. Brenneman, Jr.
                                                                        HUGH W. BRENNEMAN, JR.
                                                                        United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).